UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD J. ALLISON,<br><br>    Plaintiff,<br><br>    v.<br><br>STEIN FORENSIC UNIT,<br><br>    Defendant. | Case No. 2:21-cv-01548-APG-EJY<br><br>**REPORT AND RECOMMENDATION** |

On August 19, 2021, Plaintiff filed what appeared to be a proposed complaint under 42 U.S.C. § 1983. ECF No. 1-1. However, Plaintiff failed to file a complete *in forma pauperis* ("IFP") application or pay the required filing fee. On December 8, 2021, the Court granted Plaintiff through and including January 7, 2022 to pay the appropriate filing fee or submit a complete IFP application. ECF No. 3. The Court noted that this case would be subject to dismissal without prejudice if Plaintiff failed to file a complete IFP application.[1] *Id.* at 2. On December 22, 2021, the Court's Order was returned as undeliverable. ECF No. 4. Plaintiff has not updated his address since that time.[2]

District courts have the inherent power to control their dockets and, "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules). A court's warning to a party that his failure to obey the court's order will result in

---

[1] Dismissing this action without prejudice allows Plaintiff to refile this case with the Court, under a new case number, when Plaintiff submits either a complete *in forma pauperis* application or pays the $402 filing fee.

[2] Local Rule IA 3-1 provides that a "pro se party must immediately file with the court written notification of any change of mailing address[.] … Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court."

dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262. As of the date of this Order, Plaintiff has not paid the appropriate filing fee, submitted a complete IFP application or updated the Court with his address. As such dismissal is appropriate.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be dismissed with prejudice for failure to comply with this Court's December 8, 2021 Order.

DATED this 14th day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).